ROBERT BYNUM *v.* WILLIE DANIEL.

After a *nol. pros.* had been entered as to one of several defendants, upon motion by the respective parties remaining, material amendments were allowed to each: *Held,* that any question as to costs upon the process against the defendant discharged, should have been settled at the time of such allowance; and that upon such question being raised after final judgment for the demand and costs it will be presumed by the Court to have been settled.

ASSUMPSIT, tried before *Shipp, J.,* at Fall Term 1867 of the Superior Court of WILSON.

The writ was original in Debt, wherein one Rountree had been made defendant together with Daniel.

At Fall Term 1867, the first trial term, the plaintiff entered a *nol. pros.* as to Rountree, and the defendant obtained leave to add the plea of "the statute of limitations," whereupon the plaintiff, upon motion, was allowed to change his writ to assumpsit, and to claim for damages the sum of $2,000. Upon the trial, there was a verdict for the plaintiff. Judgment accordingly, and for costs to be taxed by the Clerk; and Appeal by the defendant to the Supreme Court.

BYNUM *v.* DANIEL.

*Moore*, for the appellant.

*Bragg, contra.*

READE, J.   This was an action against two defendants, in which there was *nol. pros.* as to one, and a verdict and judgment against the other for the demand and full costs.   The defendant insists that the costs incurred in regard to the defendant against whom *nol. pros.* had been entered ought not to be taxed.   Probably that would be so (but we do not decide it) if it were not for the peculiar circumstances of this case. The action originally was *debt.*   On the plaintiff's motion, it was changed to assumpsit,—the defendant, by leave of Court, having previously added the plea of the statute of limitations. Upon this the parties, by common consent, proceeded to trial.

It seems to us that the proper time to raise any question about the costs of the action was at the time when the form of action and the pleadings were changed.   It was then the province of the Judge to impose such terms as to costs as he might think proper.

We are of opinion that it is to be presumed that the question of costs was at that time considered, and that, by proceeding with the cause as it stood, its incidents, including the costs, passed along with it and must abide the result.

There is no error.

Let judgment be entered in accordance with the verdict and judgment below.

PER CURIAM.                    Judgment affirmed.